IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BARBARA COLE**                                                                             **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 3:23-cv-369-TSL-MTP**

**WAL-MART STORES EAST, LP**
**and JAMES SHEETS**                                                       **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Defendants' Motion to Strike [86] and Plaintiff's Motion for Hearing [95]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion to Strike [86] should be GRANTED, and to the extent Plaintiff seeks a hearing on the Motion to Strike [86], the Motion for Hearing [95] should be DENIED.

**BACKGROUND**

This action arises from injuries Plaintiff sustained when she was struck by a floor cleaning machine while shopping at a Wal-Mart store in Meridian, Mississippi. Plaintiff filed this action in the Circuit Court of Lauderdale County on May 8, 2023, and Defendants removed the case to this Court on June 8, 2023.

On August 18, 2023, the Court entered a Case Management Order [15], which, *inter alia*, set the trial of this matter and set an April 15, 2024, discovery deadline.

Plaintiff provided her initial disclosures on August 24, 2023. Then, on November 25, 2023, Plaintiff, in response to Defendants' interrogatory seeking a description of all damages, provided: "economic damages (currently over $75,027.85)." *See* [86-1] at 4.[1]

---

[1] Additionally, Defendants in another interrogatory specifically requested a list of Plaintiff's medical expenses, and Plaintiff provided the following: Lauderdale Ambulance ($1,384.96);

1

On February 16, 2024, the Court, at Plaintiff's request,[2] continued the trial of this matter and extended the discovery deadline to July 1, 2024. *See* Order [27].

On April 18, 2024, Plaintiff supplemented her discovery responses by adding the following damages: "Past and future loss of household services as of April 9, 2024, is $268,486.00 discounted to present value.  Future Mental Health Medical needs per Dr. Maxie Gordon $64,000.00." *See* [86-2] at 2.  Plaintiff did not supplement her past medical expenses at that time.

On April 19, 2024, the Court once again continued the trial and extended the discovery deadline to August 1, 2024. *See* Order [41].[3]

On November 13, 2024—more than three months after the twice-extended discovery period ended—Plaintiff produced her medical insurer's explanation of benefits ("EOB") form listing medical expenses totaling $236,890.88.  Plaintiff did not provide the corresponding medical records or bills.  On November 18, 2024, Defendants moved to strike "any medical itemization, explanation of benefits, insurance claim forms or medical bills and related documents submitted after the expiration of the discovery deadline in this matter." *See* Motion [86] at 3.  Plaintiff responded to the Motion [86], and Defendants filed a Reply [96].

---

Anderson Medical Center ($8,200.00); Southlake Orthopedic Surgeons/Dr. Ellerbush ($6,775.89 to date and to be supplemented); Health Imaging ($3,179.00); Pathgroup ($383.00); Anderson Physical Therapy (to be supplemented); Brookwood Baptist Medical Center/Dr. Elkhard Bonatz ($55,105.00); Sherita Wallace (to be determined); Dr. Robert Robinson (upcoming appointment); and Alabama Neurological Surgery and Spine (charges to be determined). *See* [86-1] at 3

[2] Plaintiff sought a continuance based on her ongoing medical treatment. *See* [26].

[3] On that occasion, Defendants requested the continuance in order to seek "medical records pertaining to recent treatment" and Social Security Administration records, as Plaintiff had been deemed disabled prior to the subject incident. *See* [40].

## ANALYSIS

As part of her initial disclosures, Plaintiff must, without awaiting a discovery request, provide to Defendants a copy or description of information she may use to support her claims and a computation of each category of damages claimed. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) & (iii). Plaintiff was required to serve her initial disclosures seven days prior to the case management conference held on August 18, 2023. *See* Order [10]. When she failed to complete her initial disclosures by the case management conference, the Court ordered her to supplement them by August 25, 2023. *See* Order [15]. Additionally, Defendants asked Plaintiff in an interrogatory to provide a description of her damages.

Important to the issue presented here, parties must also supplement their disclosures and discovery responses when necessary.

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1).

Pursuant to the Local Rules, "[a] party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and *in no event later than the discovery deadline* established by the case management order." L.U. Civ. R. 26(a)(5) (emphasis added). Furthermore, "[t]he discovery deadline is that date by which all responses to written discovery, including supplementation of responses, required by the Federal Rules of Civil Procedure must be made . . . ." L.U. Civ. R. 26(b)(1).

3

The Federal Rules of Civil Procedure provide directions in the event a party fails to properly disclose information. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).[4]

To determine whether to exclude evidence, which was not properly or timely disclosed, the Court considers the following factors: (1) the explanation for the failure to disclose the evidence; (2) the importance of the evidence; (3) potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure such prejudice. *King v. King*, 117 F.4th 301, 307 (5th Cir. 2024).

As for an explanation, Plaintiff first indicates that one is unnecessary. According to Plaintiff, she did not fail to comply with the rules of this Court because she had a duty to supplement her disclosures and discovery responses after the discovery deadline. *See* [93] at 2 ("parties have a duty to supplement their discovery responses even after the discovery deadline"); [94] at 3 ("Plaintiff did not fail to comply with the Rules of Civil Procedure").

This position is contrary to the Local Rules. As previously explained, disclosures and discovery responses must be supplemented by the discovery deadline. *See* L.U. Civ. R. 26(a)(5) & (b)(1). Here, the supplementation was made more than three months after the twice-extended discovery deadline.

---

[4] This Rule further provides: "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)

Plaintiff notes that she informed Defendants in her discovery responses (served on November 25, 2023) the medical bills and records would be supplemented. That Plaintiff informed Defendants (a year prior) of the need to supplement discovery responses does not relieve Plaintiff of her responsibility to actually supplement the responses in a timely manner.

Additionally, Plaintiff asserts that she produced the EOB the day she received it from the insurer, and "[i]t was impossible to disclose a record/charge before the treatment took place." *See* [94] at 4. This argument cannot withstand even a cursory review of the EOB. The EOB lists thirty-nine medical services; only a single service—dated August 19, 2024, and worth $185.82—was provided or performed after the discovery deadline of August 1, 2024. The rest of the medical services were provided from April 30, 2023, to July 22, 2024, with the majority of the services provided in 2023. The timing of the medical services, even the one provided on August 19, 2024, does not justify Plaintiff waiting until November 13, 2024, to provide her supplementation, which, as noted, is only a summary document and not the actual medical records.

Plaintiff offers the following conclusory statement: "Plaintiff has earnestly attempted to request updated medical records and charges from Plaintiff's providers." *See* [94] at 4. Plaintiff does not demonstrate what or when attempts were made to procure an EOB, her medical records, or bills or why medical bills and supporting documents were not obtained for medical services provided, in most cases, a year prior to the discovery deadline. Accordingly, Plaintiff has failed to provide a reasonable justification for the late supplementation, and this factor weighs in favor of striking the supplementation.

Turning to importance, the Court recognizes that this supplementation possibly points to a substantial increase in Plaintiff's alleged damages based on alleged past medical care. And,

although the record only contains the EOB and not any supplemental medical records to examine, the Court will assume that the factor of importance weighs against striking the supplementation.

The importance of evidence, however, "cannot singularly override the enforcement of local rules and scheduling orders." *King*, 117 F.4th at 307. While Defendants do not contest the importance of the supplementation, they argue with fervor that the untimely supplementation, if not stricken, will cause them significant prejudice. The Court agrees.

The purpose of the discovery rules (and more specifically the disclosure requirements) is to eliminate unfair surprise. The untimely supplementation here constitutes an unfair surprise. In addition to the untimely-produced EOB, Defendants point out in their Reply [96] that Plaintiff has not yet provided the medical records or bill which correspond to the EOB. "Defendants have not seen them, had an opportunity to investigate them, seek further discovery related to them, or obtain an expert opinion related to them." *Thomas v. City of Laurel, MS*, 2021 WL 2518210, at *5 (S.D. Miss. June 18, 2021).

For her part, Plaintiff argues that Defendants could have used a medical authorization to acquire her medical records. As Defendants point out, however, they were not obligated to continue requesting medical records to determine whether Plaintiff had fulfilled her duty to supplement her disclosures. *See Francois v. Colonial Freight Systems, Inc.*, 2007 WL 4564866, at *3 (S.D. Miss. Dec. 21, 2007) ("The Court finds that Plaintiffs' argument that [Defendant] was provided a medical waiver and, therefore, could have obtained [Plaintiff's] medical records/bills lacks merit as the FRCP specially require that the plaintiff provide a copy or description of tangible evidence in its possession that it may use to support its claims, and further requires that the plaintiff provide a computation or each category of damages and make available for

inspection and copying documents on which each computation is based, including materials bearing on the nature and extent of injuries suffered."). The factor of prejudice weighs in favor of striking the supplementation.

Finally, a continuance will not save Plaintiff's untimely supplementation. Permitting Plaintiff to make a very untimely supplementation would simply result, at a minimum, in an expensive "do-over" of damages discovery and perhaps new expert discovery and/or reports. The Court has already twice continued the trial and discovery deadline. Moreover, when other factors support exclusion, the availability of a continuance is not controlling. "Otherwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883-84 (5th Cir. 2004); *see also Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) ("Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.").

Having considered the appropriate factors, the Court finds that Plaintiff's untimely production of information is not harmless or substantially justified and that the Motion to Strike [86] should be granted.

In her Motion for Hearing [95], Plaintiff requested a hearing on the Motion to Strike [86], along with other pending motions. Local Rule 7(b)(6)(A) provides that "[t]he court will decide motions without a hearing or oral argument unless otherwise ordered by the court or on its own motion or, in its discretion, upon written request made by counsel . . ." L.U. Civ. R. 7(b)(6)(A). Having consider the parties' submissions and the record, the Court finds that a hearing is unnecessary and will deny the Motion [95] to the extent it concerns the Motion to Strike [86].

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion to Strike [86] is GRANTED, and

2. Plaintiff's Motion for Hearing [95] is DENIED to the extent Plaintiff seeks a hearing on the Motion to Strike [86].

SO ORDERED this the 11th day of December, 2024.

s/Michael T. Parker<br>
UNITED STATES MAGISTRATE JUDGE